## PHILLIPS PETROLEUM CO. v. ASHCRAFT et al

No. 22202.   Opinion Filed Feb. 28, 1932.

R. G. McKinney, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Charles Blakeley, and A. G. Morrison & Sons, for respondents.

CLARK, V. C. J.   This is an original action in this court by petitioners herein, Phillips Petroleum Company, a corporation, to review an award of the State Industrial Commission made and entered on the 26th day of February, 1931, continuing payment of compensation for temporary total disability in favor of B. F. Ashcraft, respondent herein, and not determining the extent of disability, wherein the Commission found:

"(1) That at the time of the hearing the Commission was not able to determine the extent of disability to claimant's eyes, which disability has not reached maximum termination.

"(2) That the daily wage of claimant at the time of the accident was $4."

—and ordered that petitioner herein pay compensation at the rate of $15.39 per week from February 2, 1931, to February 26, 1931, and continue thereafter until otherwise ordered by the Commission, and also pay such reasonable medical expense as has been and will be incurred by claimant, respondent herein, by reason of said injury.

The record discloses that a previous award had been made and entered in favor of the respondent herein on August 5, 1930, wherein the Commission found:

"(1.) That the claimant, B. F. Ashcraft, sustained an accidental personal injury arising out of and in the course of his employment with the respondent herein, on January 14, 1930.

"(2) That, as a result of said aforementioned accident, claimant was temporarily disabled from performance of manual labor from the date of the accident to the present time, and which disability is not yet terminated; and that he is due compensation from the 14th day of January to August 1, 1930, being 27 weeks and 4 days beyond the five-day waiting period, at the rate of $15.39 per week.

"(3) That the daily wage at the time of the injury received by claimant was $4 per day"

—and ordered payment of compensation for temporary total disability from January 14th to August 1st, and until further ordered by the Commission.

The order and award of August 5, 1930, was not appealed from.

The record discloses that, subsequent to the order and award of the Commission made and entered on the 5th day of August, 1930, to wit, on the 17th day of October, 1930, the claimant, respondent herein, filed motion for hearing before the Commission as follows:

"Comes now the claimant, B. F. Ashcraft, and respectfully moves the court to set the above cause down for hearing on its Oklahoma City docket for the purpose of determining the extent of permanent disability, of which the claimant is suffering injury.

"Claimant shows the court that on the 5th day of August, 1930, a continuing temporary award was made in this cause, pending such a time as claimant's permanent disability could be determined, and at the present time, that fact can now be determined."

And upon the hearing had on said motion, the order and award of February 26, 1931, was made and entered by the Commission.

The petitioner contends:

"(1) That there was no competent evidence to support the findings of the State Industrial Commission that said B. F. Ashcraft sustained an injury to his right eye resulting in any permanent disability, or that the said B. F. Ashcraft had received any injury to his left eye, or that the condition of the said B. F. Ashcraft was due to the alleged injury of January 14, 1930, in the course of his employment for Phillips Petroleum Company, or that at the time of the hearing February 2, 1931, the disability had not reached its maximum termination.

"(2) That said award and findings of the said State Industrial Commission are not supported by the evidence."

The evidence in this case discloses that B. F. Ashcraft, the respondent herein, was in the employ of the Phillips Petroleum Company, petitioner herein, on the 14th day of January, 1930, and was sent out on said date with other employees to take a collar off a pipe, and that the respondent was holding the pipe while another employee was trying to screw it off, when his fellow employee struck the collar with a hammer and particles from the collar hit the respondent in the right eye; that he rubbed his eye, and on the next morning he showed the eye to one of his fellow workers, and about noon respondent advised his boss that his eye was hurting him, and the next morning his eye was swollen, and that later he went to the petitioner, showed it to his boss, and he was then taken to Dr. McFarling on the 18th day of January, 1930, who found an injury at the temple side of the cornea of the right eye, in which a piece of metal had been buried, and that he removed the foreign body therefrom; and respondent was treated until January 29, 1930, by Dr. McFarling, at which time he was dismissed and advised to wear colored glasses.

That the respondent continued to suffer pain and the condition existing in his eye failed to clear up; that later the respondent consulted Dr. J. N. Gray, and thereafter, on February 16, 1930, consulted Dr. H. B. Dresbach, who found his eye very much inflamed and considerably swollen. He treated him for some days and removed another piece of steel, which was embedded deeply at the side of the scar, which was the result of the first operation, where the first particle was taken out; that respondent's eye kept getting worse; that he was later ordered to the hospital by an order of the State Industrial Commission on June 7, 1930, under the care of Dr. A. L. Guthrie.

That respondent's left eye became weak,

and hurts when respondent opens his right eye, and there is evidence in the record that the condition of respondent's left eye is due to a sympathetic irritation on account of the injury to the right eye.

That prior to the injury respondent's eyes were good, and that since the injury on January 14, 1930, he had not engaged in any manual labor, and had never received any injury to his eyes other than the injury complained of.

At the hearing on February 2, 1931, there was evidence showing that respondent was totally blind in the right eye, and industrially blind in the left eye. Dr. H. B. Dresback testified that he saw the respondent shortly after the injury to his eye, and removed the second piece of steel; and that while he was treating respondent there was a sympathetic irritation, congestion of the cornea of the left eye, and when he quit treating him the condition of the left eye seemed to be more progressive. That by the process of deduction he considered the condition of the left eye due to the injury in the right eye, and further testified with reference to the permanency thereof as follows:

"Q. Is it your opinion, Doctor, that it will be impossible now for the sympathetic irritation in this left eye to 'kinda' subside? A. I couldn't say. Time and health and proper surroundings and all of those conditions might have a tendency for the eye to improve some and his vision improve, but it would be impossible for me to say that that will occur. Q. In your opinion, does blindness in the right eye, you don't state as a positive fact here it is an impossibility for that sympathetic irritation to clear up or subside? A. I can only say this in regard to that, that is, at the present time there is a condition of industrial blindness, the man is unable to work, he is unable to follow any occupation, how long that may remain, I am no prophet or son of a prophet."

Dr. McFarling, who last examined respondent on the 31st of January, 1931, testified in part:

"Q. What is your opinion as to the disability, if any, that now exists to the left eye? A. I should say that when this photophobia had subsided there would be no disability. I see no evidence for it. Q. Do you think this photophobia is permanent in his eye? A. No, I don't think it is. Q. Do you think in the course of time it will clear up? A. Probably, I couldn't say. Q. Well, what causes photophobia, Doctor, what is the cause of it? A. I think some inflammation of the eye."

The evidence discloses that respondent has an almost completely dilated pupil on the right side; that it is possible that there may still be some particle left in the eye that the X-ray didn't show. Redness of the conjunctiva of both eyes, photophobia apparently in the eyes.

A careful examination of the record discloses competent evidence reasonably tending to support the findings of the State Industrial Commission that respondent's condition of his eyes at the time of the hearing had not reached a maximum termination; and where there is any competent evidence reasonably tending to support the findings of the Commission, its findings will not be disturbed in a proceeding to review the award.

The judgment and award of the Commission is affirmed.

LESTER, C. J., and HEFNER, ANDREWS, KORNEGAY, and McNEILL, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.